UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:16-CR-136-TWP-CCS |
| | ) | |
| BRUCE CLYDE ADKINS, | ) | |
| Defendant, | ) | |

**ORDER OF DETENTION**

On December 12, 2016, the Court released Defendant on conditions [Doc. 10] pending his trial. Defendant Adkins entered a guilty plea before United States District Judge Thomas W. Phillips on October 16, 2017. Judge Phillips allowed Defendant Adkins to remain on release on the same conditions imposed by the undersigned. [*See* Doc. 24] This case came before the Court on a Petition for Action on Conditions of Pretrial Release [Doc. 26], filed on December 15, 2017, and alleging that Defendant Adkins had violated the conditions of his release. The Court scheduled a hearing on the petition for December 21, 2017. Prior to that hearing, Defendant Adkins executed a Waiver of Revocation Hearing and Consent to Revocation of Release [Doc. 30], stating that his attorney had advised him of his right to a revocation hearing, that he was waiving his right to a revocation hearing, and that he consented to the revocation of his release. The waiver is signed by Defendant Adkins and defense counsel Assistant Federal Defender Bobby E. Huson, Jr.

The Court finds that the Defendant has knowingly and voluntarily waived his revocation hearing and consented to revocation of his conditions of release without challenging the allegations in the Petition. The Defendant's request to waive the revocation hearing and to surrender to custody without challenging the violations in the Petition is **GRANTED.** Accordingly, the Order

Setting Conditions of Release [**Doc. 10**] is hereby **REVOKED**, pursuant to the Defendant's surrender to custody.

It is therefore **ORDERED** that:

(1) The Defendant's release on conditions [**Doc. 10**] is **REVOKED**;

(2) Defendant Adkins is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

(3) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(4) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined deliver the Defendant to a United States marshal for the purpose of an appearance in connection with any court proceeding; and

(5) This case remains set for a sentencing hearing on **February 12, 2018, at 10:00 a.m.**, before District Judge Phillips.

**IT IS SO ORDERED.**

ENTER:

　　　　s/ C. Clifford Shirley, Jr.
United States Magistrate Judge